J-S96027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MARK A. BUCZYNSKI, II | |
| Appellant | No. 882 WDA 2016 |

Appeal from the PCRA Order June 9, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002729-2008

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 30, 2017**

Mark A. Buczynski, II, appeals from the dismissal of his PCRA petition as untimely filed.  We affirm.

On September 16, 2008, Appellant was charged with retail theft graded as a third degree felony.  On the day in question, Appellant entered the Auto Zone located on 2119 Broad Street, Erie, and asked about a K & N automobile air filter worth $60.00.  After being told where the filters were located, Appellant exited the store.  He returned shortly thereafter and walked to the vicinity of the air filters.  A store employee observed Appellant hide something under the front of his shirt and leave the store.  Alarms sounded as he went through the exit, and Appellant hurriedly entered a car.  His license plate was recorded, and an empty K & N air filter box was recovered.  Police stopped Appellant about thirty minutes after the theft, and

his visage and clothing were captured on store surveillance videotape. Appellant also was identified as the perpetrator by store employees.

On January 7, 2009, Appellant pled guilty to retail theft graded as a first degree misdemeanor. The grading was reduced because Appellant had one prior retail theft conviction rather than two prior offenses, as was originally believed. On March 11, 2009, he was sentenced to three to twelve months imprisonment followed by three years probation. On October 13, 2010, the court entered an order indicating that a revocation hearing had been held. In the order, the court revoked parole and sentenced Appellant to three to twelve months imprisonment followed by three years probation.[1]

On April 12, 2016, Appellant filed a *pro se* PCRA petition asking that the October 13, 2010 sentence be set aside. Appellant claimed that the sentence was illegal since it revoked parole but he was no longer serving parole at the time. Counsel was appointed. On May 16, 2016, counsel filed a no merit letter and petitioned to withdraw. Counsel concluded that the April 12, 2016 request for relief was untimely. The PCRA court conducted an independent review of the record, concurred with PCRA counsel's assessment that the petition was untimely, allowed counsel to withdraw, and denied PCRA relief. This appeal followed.

---

[1] Appellant indicates that parole was revoked due to his commission of a new crime. The record also indicates that Appellant had other criminal matters, and it is unclear when he began to serve the present sentence.

Initially, we note that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting **Commonwealth v. Treiber,** 121 A.3d 435, 444 (Pa. 2015)).

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); **see also Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In this case, Appellant did not file a direct appeal so his October 13, 2010 judgment of sentence became final on November 12, 2010. Appellant had until November 12, 2011 to file a timely PCRA petition, and his April 12, 2016 motion for post-conviction relief is untimely. There are three exceptions to the one-year time bar of § 9545. 42 Pa.C.S. § 9545(b)(1)(i-iii). Appellant does not invoke any of them. His position on appeal is that his PCRA petition raised a position relating to the legality of his sentence,

which cannot be waived.   Although an issue relating to the legality of a sentence cannot be waived, it nevertheless must be presented in a timely PCRA petition. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, [such a claim] must still first satisfy the PCRA's time limits or one of the exceptions thereto.").   Since Appellant has not invoked an exception to the one-year time bar, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2017